1

2

3

4

5                  UNITED STATES DISTRICT COURT

6                 EASTERN DISTRICT OF WASHINGTON

7   JOHN WAYNE JENNINGS,

8                         Plaintiff,              NO:  2:15-CV-0010-TOR

9        v.                                       ORDER ADOPTING REPORT AND
                                                  RECOMMENDATION IN PART AND
                                                  GRANTING OPPORTUNITY TO
10   KARL F. SLOAN, et al.,                       FILE SECOND AMENDED
                                                  COMPLAINT OR TO
11                       Defendants.              VOLUNTARILY DISMISS

12

13        BEFORE THE COURT is a Report and Recommendation to dismiss this

14   action for failure to state a claim upon which relief may be granted (ECF No. 9).  On

15   March 25, 2015, Plaintiff was granted the opportunity to amend his complaint (ECF

16   No. 7).  When Plaintiff did not amend or voluntarily dismiss, Magistrate Judge

17   Rodgers recommended dismissal on May 28, 2015.

18        Rather than filing objections, Plaintiff submitted a First Amended Complaint

19   (ECF No. 10) on June 10, 2015.  Because Plaintiff is proceeding *pro se* the Court

20   will liberally construe this document as his "objections" to the Report and

Recommendation.    After reviewing Plaintiff's submissions, however, the Court

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR
TO VOLUNTARILY DISMISS -- 1

1    finds that he has failed to articulate any basis to reject the Report and

2    Recommendation.  In addition, the Court finds that the First Amended Complaint

3    fails to state a claim upon which relief may be granted.

4         For the reasons set forth by Magistrate Judge Rodgers, **IT IS ORDERED** that

5    the Report and Recommendation (ECF No. 9) is **ADOPTED in part** and the initial

6    complaint (ECF No. 6) is **DISMISSED**.  However, because of Plaintiff's *pro se*

7    status, the Court will liberally grant him the opportunity to file a Second Amended

8    Complaint to cure the deficiencies of the First Amended Complaint set forth below.

9    Failure to do so will result in the dismissal of this action for failure to state a claim.

10   This may affect Plaintiff's future ability to proceed *in forma pauperis* under 28

11   U.S.C. § 1915(g).  In the alternative, Plaintiff may file a motion to voluntarily

12   dismiss.

13                        **FIRST AMENDED COMPLAINT**

14        The First Amended Complaint, consisting of 30 pages, omits State of

15   Washington and Okanogan County as Defendants and adds nine Sheriff's Deputies.

16   As a general rule, "an amended complaint supersedes the original complaint and

17   renders it without legal effect." *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th

18   Cir. 2012).  Therefore, "[a]ll causes of action alleged in an original complaint which

19   are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565,

20   567 (9th Cir. 1987) citing to *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR
TO VOLUNTARILY DISMISS -- 2

1    Cir. 1981)*, overruled in part by* Lacey*,* 693 F.3d at 928 (any claims voluntarily

2    dismissed are considered to be waived if not repled). Furthermore, Defendants not

3    named in an amended complaint are no longer defendants in the action. *See Ferdik v.*

4    *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, the Defendants State of

5    Washington and Okanogan County have been terminated from this action and

6    Defendants Dave Rodriguez, Noah Stewart, Bob Heyen, Kreg Sloan, Debbie

7    Behymer, Terry Shrable, Isaiah Holloway, Mitzie Green, and Eric Mudgett have

8    been added.

9                                    **EXHAUSTION**

10   Plaintiff indicates that he did not file any grievances concerning the facts in

11   his complaint because when he attempted to obtain a grievance form, an unidentified

12   officer would not give him the form. He does not state when this occurred.  Because

13   there are multiple claims alleged in the First Amended Complaint, occurring in and

14   out of the Okanogan County Jail, it is unclear for which incident Plaintiff sought a

15   grievance form.

16   A prisoner may not bring a lawsuit with respect to prison conditions under

17   § 1983 unless all available administrative remedies have been exhausted.  42 U.S.C.

18   § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v.*

19   *Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). Exhaustion is required for all suits

20   about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR
TO VOLUNTARILY DISMISS -- 3

of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Under *Woodford,* there must be proper exhaustion, which means following the steps set out in the grievance procedure. *Id.*

Plaintiff should note that a failure to exhaust any available administrative remedies would be cause for dismissal of the action. Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

## SECTION 1983

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that "causes" the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991)

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR
TO VOLUNTARILY DISMISS -- 4

1    (brackets in the original), *abrogated in part on other grounds*, *Farmer v. Brennan*,

2    511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

3        A complaint must set forth the specific facts upon which the plaintiff relies in

4    claiming the liability of each defendant. *Ivey v. Board of Regents,* 673 F.2d 266, 268

5    (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not

6    supply essential elements of a claim that the plaintiff failed to plead. *Id*. at 268. To

7    establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating

8    how each Defendant caused or personally participated in causing a deprivation of

9    Plaintiff's protected rights. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981);

10   *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has made no

11   allegations against Karl F. Sloan, Frank T. Rogers, Eric Mudgett, Noah Stewart,

12   Isaiah Holloway, Terry Shrable, Dave Rodriguez or Kreg Sloan in his First

13   Amended Complaint. Therefore, Plaintiff's complaint against each of these

14   Defendants is subject to dismissal.

15                              **EXHIBITS**

16       Exhibits should not be submitted with a complaint. Instead, the relevant

17   information contained in an exhibit should be paraphrased in the complaint.

18   Plaintiff should keep his exhibits to use to support or oppose a motion for summary

19   judgment or a motion to dismiss, or for use at trial.

20   //

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR
TO VOLUNTARILY DISMISS -- 5

## PLAINTIFF'S ALLEGATIONS

The allegations in Plaintiff's First Amended Complaint seem to fall into three different categories: (1) a murder investigation; (2) Plaintiff's initial placement at the jail; and (3) an assault at the jail.

### *MURDER INVESTIGATION*

Plaintiff asserts that Defendants, Detectives Rob Heyen and Deborah Behymer, investigated the murder of a man whose body was found across the road from Plaintiff's residence on Labor Day, Monday, September 1, 2013.[1]   Plaintiff states that Defendant Heyen took his statement, and advised him that he could return home.   Apparently, Plaintiff was offered a ride with a deputy if he did not have transportation.

Plaintiff states that Defendant Behymer obtained a search warrant for his house and outbuildings.   Plaintiff indicates that he was arrested on November 18, 2013.   Documents attached to the First Amended Complaint show that the arrest was pursuant to a warrant. Plaintiff states that Defendant Heyen obtained a warrant to search his house and outbuilding following the arrest.

---

[1] The Court takes judicial notice of the fact that in 2013, Labor Day fell on Monday, September 2, 2013.  Statements to the contrary are likely typographical errors.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR TO VOLUNTARILY DISMISS -- 6

1    Plaintiff has alleged no facts from which the Court could infer that Defendants

2    Behymer or Heyen violated his constitutionally protected rights in the manner in

3    which they obtained or executed warrants, or in the taking of Plaintiff's statement.

4    Plaintiff presents no facts showing Defendants sought a warrant unsupported by

5    probable cause or exceeded the scope of any warrant in its execution.  Plaintiff does

6    not claim that he has been exonerated of the criminal charges brought against him.

7    The facts presented do not "plausibly give rise to an entitlement to relief." *Ashcroft*

8    *v. Iqbal*, 556 U.S. 662, 679 (2009).

9    ***JAIL CONDITIONS IN NOVEMBER/DECEMBER 2013***

10    Plaintiff asserts that three days after he was booked into jail, he was seen by

11    unidentified medical staff on November 21, 2013.  He avers that he told them he

12    needed his "oxygen concentrater [sic]" and CPAP machine.  He claims that

13    Defendant Mitzie Green, a Corrections Officer, handed him a document that

14    appeared to be an affidavit and told him that he would have to sign it to get the

15    machine.  Plaintiff states that he was instructed not to "fill it out or date it."   He

16    does not state that he signed the document.

17    Plaintiff then asserts he was taken to a hospital Emergency Room on

18    December 13, 2013, as he was suffering from severe dehydration, extreme

19    exhaustion and stroke.  He avers that his lawyers brought "the machines" to the jail

20    that afternoon.  He states that he was moved to the medical cellblock on December

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR
TO VOLUNTARILY DISMISS -- 7

23, 2013, so that he could have use of his machines. He complains that another inmate in the medical cellblock claimed to have machines "that the jail bought [] for him," for four of the six weeks he had been incarcerated.

Pretrial detainees may prosecute an action for deliberate indifference to their medical needs under the Fourteenth Amendment Due Process clause. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1242–44 (9th Cir. 2010).  The legal standards that apply to a deliberate indifference claim prosecuted by a pretrial detainee are the same as those that apply to prisoners under the Eighth Amendment. *Id.* at 1244.

Under the Eighth Amendment standard, a prisoner seeking to impose liability for deliberate indifference must demonstrate three elements: (1) a "serious medical need," such that "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain," *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted); (2) Defendant was "aware of" that serious medical need, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994); and (3) Defendant disregarded the risk that need posed, *see id.* at 846, such as by denying or delaying care, *see Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012) *overruled in part by  Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).  Plaintiff alleges that Defendant Green, a Correctional Officer, told him to sign a document in order to

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR TO VOLUNTARILY DISMISS -- 8

1    receive his "machines." This allegation alone is insufficient to state a Fourteenth

2    Amendment claim of deliberate indifference.

3        Plaintiff admits that he received emergency medical treatment for

4    dehydration, exhaustion and stroke in December 2013, and that he was

5    accommodated in the use of his "machines" after they were brought to the jail.

6    Plaintiff has failed to state a claim against Defendant Green upon which relief may

7    be granted.

8    ***ASSAULT BY ANOTHER INMATE***

9        Plaintiff complains that on February 9, 2014, another inmate assaulted him,

10   beating his head against a cement block wall more than 25 times. Plaintiff claims

11   that he received no treatment for his head injury. While such allegations are

12   disturbing, Plaintiff has presented no facts from which the Court could infer that

13   named Defendants were actually aware of the danger the other inmate posed to

14   Plaintiff or aware of the resulting head injury.

15       Insufficient protection of a prisoner resulting in harm inflicted by other

16   inmates may violate a prisoner's constitutional rights. *See White v. Roper*, 901 F.2d

17   1501, 1403-04 (9th Cir. 1990). When a prisoner is claiming that he has not been

18   afforded adequate protection against violent acts by other inmates, the prisoner must

19   show that the prison officials' acts were deliberately indifferent to the prisoner's

20   vulnerability. *Wilson v. Seiter*, 501 U.S. 294 (1991).

1    A prisoner may establish a § 1983 claim under the Eighth and Fourteenth

2    Amendments against prison officials when the officials acted with deliberate

3    indifference to the threat of serious harm or injury by another prisoner. *Leer v.*

4    *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Berg v. Kincheloe*, 794 F.2d 457, 460

5    (9th Cir. 1986).   Under the deliberate indifference standard, a plaintiff must

6    demonstrate that prison officials knew that he faced a substantial risk of serious

7    harm and that they disregarded that risk by failing to take reasonable measures to

8    abate it.  *Farmer v. Brennan,* 511 U.S. at 847.

9    Plaintiff has failed to present any facts from which the Court could infer that

10   any named Defendant knew that Plaintiff faced a substantial risk of serious harm

11   from another inmate.  Based on Plaintiff's exhibits, it appears likely the other inmate

12   was prosecuted for the assault. ECF No. 10 at 27.

13   In addition, Plaintiff presented no facts showing any named Defendant knew

14   that Plaintiff had been injured or the extent of his injuries, and still refused to

15   provide treatment.  Plaintiff does not state when he was denied necessary medical

16   attention, by whom or any facts from which the Court could infer deliberate

17   indifference to Plaintiff's serious medical needs.

18   **SECOND OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS**

19   The Court will grant Plaintiff a second and final opportunity to amend his

20   complaint to correct the deficiencies set forth above.  *See Lopez v. Smith*, 203 F.3d

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR
TO VOLUNTARILY DISMISS -- 10

1122, 1130–31 (9th Cir. 2000) (en banc). Plaintiff may submit a Second Amended Complaint within **thirty (30) days** of the date of this Order which includes sufficient facts to establish federal subject-matter jurisdiction. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citations omitted). To do so, Plaintiff must show persons acting under color of state law violated his constitutionally protected rights.

Plaintiff's amended complaint shall consist of a **<u>short</u>** and **<u>plain</u>** statement showing he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights,

(2) the dates on which the conduct of each Defendant allegedly took place, and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Furthermore, Plaintiff shall set forth his factual allegations in separate numbered paragraphs. THIS SECOND AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE INITIAL AND FIRST AMENDED COMPLAINTS. Plaintiff shall present his complaint on the form provided by the Court as required by LR 10.1(i), Local Rules for the Eastern District of Washington. The Second Amended Complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST**

1 **BE CLEARLY LABELED THE "SECOND AMENDED COMPLAINT" and**

2 **cause number 2:15-CV-0010-TOR must be written in the caption.**

3       **PLAINTIFF IS CAUTIONED THAT IF HE FAILS TO AMEND**

4 **WITHIN 30 DAYS AS DIRECTED, THE COURT WILL DISMISS THE**

5 **COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§**

6 **1915(e)(2) and 1915A(b)(1).** Pursuant to 28 U.S.C. § 1915(g), enacted April 26,

7 1996, a prisoner, who brings three or more civil actions or appeals which are

8 dismissed on grounds they are legally frivolous, malicious, or fail to state a claim,

9 will be precluded from bringing any other civil action or appeal *in forma pauperis*

10 "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.

11 § 1915(g).

12       If Plaintiff chooses to amend his complaint and the Court finds the Second

13 Amended Complaint is frivolous, malicious, or fails to state a claim, the amended

14 complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

15 Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

16       Alternatively, the Court will permit Plaintiff to voluntarily dismiss his

17 Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff may

18 submit the attached Motion to Voluntarily Dismiss the Complaint within **thirty (30)**

19 **days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and

20

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR
TO VOLUNTARILY DISMISS -- 12

1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g).  A voluntary dismissal within this 30 day period will not count as a strike.

Plaintiff is still obligated to pay the full filing fee of $350.00.  *See* ECF No. 5. However, if Plaintiff elects to take a voluntary dismissal within the 30 day period, Plaintiff may simultaneously file a separate Affidavit and Motion to waive collection of the remaining balance of the filing fee in this action.  The Court will grant such a motion only for good cause shown.  In no event will prior partial payments be refunded to Plaintiff.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint, **and a civil rights complaint form.**

**DATED** July 10, 2015.



THOMAS O. RICE
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND GRANTING OPPORTUNITY TO FILE SECOND AMENDED COMPLAINT OR TO VOLUNTARILY DISMISS -- 13

1

2

3

4

5               UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF WASHINGTON
6

7  JOHN WAYNE JENNINGS,                NO: 2:15-cv-00010-JTR

                Plaintiff,
8  vs.                                 MOTION TO VOLUNTARILY
                                       DISMISS COMPLAINT
9  KARL   F.   SLOAN,   FRANK   T.
   ROGERS,   DAVE   RODRIGUEZ,
10 NOAH STEWART, BOB HEYEN,
   KREG     SLOAN,     DEBBIE
11 BEHYMER,   TERRY   SHRABLE,
   ISAIAH   HOLLOWAY,   MITZIE
12 GREEN, and ERIC MUDGETT,

13              Defendants.

14      Plaintiff JOHN WAYNE JENNINGS requests the court grant his Motion to

15 Voluntarily Dismiss the Complaint pursuant to Rule 41(a), Federal Rules of Civil

16 Procedure.  Plaintiff is proceeding *pro se*; Defendants have not been served in this

17 action.

18      **DATED** this_____day of _____ 2015.

19                          _____
                                      JOHN WAYNE JENNINGS
20

MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1